UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-cr-00065-KJM |
| Plaintiff/Respondent, | ORDER |
| v. | |
| Emanuel Mois, | |
| Defendant/Petitioner. | |

Defendant Emanuel Mois moves this court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government moves to dismiss the petition as untimely. Because Mois's petition is untimely and equitable tolling does not apply, the government's motion to dismiss is **granted**, and Mois's motion to vacate is **denied**.

**I.   BACKGROUND**

On February 11, 2019, Mois pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). *See generally* Plea Agreement, ECF No. 26. On June 18, 2019, the court sentenced Mois to 292 months' imprisonment, the low end of the applicable guideline range, followed by a lifetime of supervised release. *See* Hr'g Mins., ECF No. 35; Judgment & Commitment, ECF No. 36.

More than two years later, on June 28, 2021, Mois moved to vacate or set aside his sentence under 28 U.S.C. § 2255. *See* Mot. Vacate, ECF No. 50. Mois makes numerous claims,

most of which can be traced back to one principal issue: He did not understand the plea agreement. *See generally id.* The government moves to dismiss the petition as untimely, arguing his "filing is woefully and inexcusably late," and noting his reasons for filing late are "internally inconsistent," Mot. Dismiss, ECF No. 59. Mois replied. *See* Req. Am., ECF No. 63.

## II.   TIMELINESS

Motions under § 2255 must be filed no more than one year after the latest of four possible events: (1) the "final" conviction; (2) the date a government-imposed impediment to filing the motion was removed; (3) the date the Supreme Court recognized and made retroactively applicable a constitutional right; and (4) the date newly discovered facts supporting the § 2255 claim could reasonably have been discovered. 28 U.S.C. § 2255(f)(1)–(4).

Only one of these events is relevant here: Mois's conviction on June 18, 2019. *See* Judgment & Commitment. That judgment became "final" after the last day on which Mois "could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). In a criminal case, when as here the government does not file a notice of appeal, a defendant's notice of appeal of the judgment must be filed within fourteen days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A). Mois's judgment thus became "final" for purposes of calculating the one-year limitations period on July 2, 2019.

On March 23, 2020, Mois requested "a form to extend the time period to file a '2255' motion," saying he needed "some time to research law and cases." Mot. Ext., ECF No. 48. The court interpreted this filing as a motion for an extension of time and granted this request on June 2, 2020, extending Mois's deadline to August 31, 2020.[1] *See* Order, ECF No. 49. Mois never sought another extension, and then filed his § 2255 motion almost ten months after the

/////
/////
/////

---

[1] As discussed below, courts are split on whether they have jurisdiction to grant such a request.

August 2020 deadline.[2]  *See* Mot. Vacate.  The motion was therefore untimely.  The question, then, is whether equitable tolling applies.

## III. EQUITABLE TOLLING

The timeline of events in this case warrants two equitable tolling analyses.  The court first conducts a traditional equitable tolling analysis before exploring whether the court's extension of Mois's time to file his § 2255 motion "affirmatively misled" him, necessitating equitable tolling.

### A. Traditional Equitable Tolling Analysis

"[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation marks and citation omitted).  Thus, while "equitable tolling is unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), a petitioner is entitled to equitable tolling if he can show (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (citation omitted).  Equitable tolling has a "very high bar" and is "reserved for rare cases."  *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

This is not one of those rare cases.  Mois provides two inconsistent accounts of what kept him from timely filing his motion, relying primarily on his lack of legal knowledge.  In his original account, Mois says he did not even know about § 2255 motions until at least August 31, 2020, the date of his deadline.  *See* Mot. Vacate at 14.  This is inconsistent with his March 2020 request, before the one-year filing deadline, for a "form to extend the time period to file a 2255 motion."  In Mois's amended account, Mois says he learned of § 2255 motions in late March 2020 but did not know until late May 2021 that he had to file the motion himself.  *See* Req. Am. at 4.

---

[2] Mois signed his motion on June 28, 2021, and it was docketed on July 1, 2021.  *See* ECF No. 50.  Mois does not state when he delivered his motion to prison authorities, so the true filing date is unclear.  *See Curiel v. Miller*, 830 F.3d 864, 867 n.1 (9th Cir. 2016) (en banc) (under prison "mailbox rule," "a habeas petition is deemed filed when the prisoner delivers it to prison authorities for forwarding to the clerk of the court, not when the petition is filed by the court.").  This three-day difference is of no consequence because Mois filed his motion roughly ten months after the deadline.

1        Mois's justifications are insufficient under either version of events:  It is well established
2 that a prisoner's ignorance of the law or lack of legal expertise is not an extraordinary
3 circumstance and does not equitably toll the limitations period.  *See Johnson v. United States*,
4 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural
5 ignorance as an excuse for prolonged inattention when a statute's clear policy calls for
6 promptness."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("A pro se petitioner's
7 lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable
8 tolling."); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013, n.4 (9th Cir. 2009) ("While
9 [petitioner's] pro se status is relevant, we have held that a pro se petitioner's confusion or
10 ignorance of the law is not, itself, a circumstance warranting equitable tolling.").

11       Moreover, Mois has not shown the diligence required to invoke equitable tolling.  The
12 only affirmative step Mois appears to have taken between July 2019 and April 2021 was his
13 March 2020 request for a "form to extend the time period to file a 2255 motion."  Despite Mois's
14 repeated assertions that he believed his case manager had to file the § 2255 motion on his behalf,
15 *see, e.g.*, Req. Am. at 4, nothing in the record allows the court to conclude Mois made any
16 attempt to contact his case manager and verify that understanding.  Mois has not been diligent.
17 *See Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020) ("[R]easonable diligence seemingly
18 requires the petitioner to work on his petition with some regularity—as permitted by his
19 circumstances—until he files it in the district court."); *id.* at 598–99 ("To demonstrate that he has
20 been pursuing his rights diligently, a petitioner must show that he has 'been reasonably diligent in
21 pursuing his rights not only while an impediment to filing caused by an extraordinary
22 circumstance existed, but before and after as well, up to the time of filing his claim in federal
23 court.'").

### B.   "Affirmatively Misled" Analysis

25       Equitable tolling might still be appropriate if the court "affirmatively misled" Mois about
26 his deadline.  *Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir. 2005) (citing *Pliler v. Ford*,
27 542 U.S. 225, 235 (2004) (O'Connor, J., concurring)); *see also Rudin v. Myles*, 781 F.3d 1043,
28 1058 n.19 (9th Cir. 2014).  As previously noted, on March 23, 2020—a little over three months

4

before Mois's original deadline—Mois filed a letter addressed to the court clerk, "request[ing] a form to extend the time period to file a '2255' motion" because he "need[ed] some time to research law and cases." Mot. Ext. at 1. His request did not include any information on the allegations he anticipated including in his § 2255 motion. *Id.* The court interpreted Mois's filing as a request to extend the time period to file a § 2255 motion and granted the motion on June 2, 2020, extending the filing deadline to August 31, 2020.[3] *See* Order at 1–2. Mois claims he never received the court's order. *See* Req. Am. at 2. A review of the docket supports Mois's assertion. The court's order granting Mois's extension was electronically served on Mois's former counsel, given that nothing indicated that counsel had been relieved; the order was not served on Mois himself. *See* ECF No. 49 (Notice of Electronic Filing including "Notice has been electronically mailed to:" defense counsel and government counsel only). Mois never inquired about the status of his request. Under these circumstances, the court's order did not affirmatively mislead Mois. The Ninth Circuit has found equitable tolling appropriate where, for example, a § 2255 petitioner relies on the court's extension, only for the court to change its mind once the motion is filed. *See Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013); *accord Prieto v. Quarterman*, 456 F.3d 511, 513 (5th Cir. 2006) (same). But that is not what happened here. Mois requested a form to seek an extension, without elaboration. The court granted a two-month extension. Mois reports he never

---

[3] The court notes that, upon reflection, Mois's extension request does raise an issue that neither the Supreme Court nor the Ninth Circuit has addressed: Does a court have jurisdiction to consider a federal prisoner's request for more time to file a § 2255 motion if the request does not indicate the potential grounds for relief and the movant has not yet filed the motion itself? *See Wall v. Kholi*, 562 U.S. 545, 560 n.7 (2011) ("express[ing] no opinion" about whether a § 2255 motion "initiates an independent civil action or, instead, is merely a further step in the criminal prosecution" (quoting Postconviction Remedies § 3:5, at 251)). The Third Circuit has held courts have jurisdiction to rule on such requests. *See United States v. Thomas*, 713 F.3d 165, 169–74 (3d Cir. 2013) (finding no jurisdictional problem because actions under § 2255, unlike petitions brought under § 2254, are "a continuation of a defendant's criminal case"); *accord United States v. Spencer*, No. 14-3221, 2017 WL 11592881, at *2 n.1 (D. Minn. Oct. 10, 2017). Most circuits to consider the issue come out the other way. *See United States v. Asakevich*, 810 F.3d 418, 419–23 (6th Cir. 2016) (Sutton, J.) (collecting cases, joining majority view endorsed by Second, Fourth, Fifth, Eleventh and D.C. Circuits and disagreeing with minority view adopted by Third Circuit).

The court does not reach the question here. Because an order issued without jurisdiction might still affirmatively mislead a litigant, especially a pro se litigant, the affirmatively misled analysis conducted above is necessary in any event.

received the court's order, so he could not have relied on it or been "affirmatively misled" by it. To the contrary, the lack of a response from the court should have communicated to Mois that he was required to file his petition within the original one-year deadline.  He did not follow through to file anything further until well past the deadline.[4]

**IV.    CONCLUSION**

The court recognizes Mois is proceeding pro se on his § 2255 motion and that his pleadings must be liberally construed.  However, even under the most generous construction of Mois's motion, he has not demonstrated this is a "rare case" entitling him to equitable tolling.  The government's motion to dismiss is **granted**, and Mois's motion to vacate is **denied**.

This order resolves ECF Nos. 50 & 59.

IT IS SO ORDERED.

DATED:  September 13, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Although the court does not reach the merits of Mois's motion, the court notes that Mois's claims appear to be contradicted by the record.  *See generally, e.g.*, Change Plea Tr., ECF No. 57 (presiding District Judge thoroughly explaining terms of plea agreement, the consequences of Mois's entering plea agreement, and verifying Mois's understanding of agreement).