UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-cr-00065-KJM |
| Plaintiff, | ORDER |
| v. | |
| Emanuel Mois, | |
| Defendants. | |

    Defendant Emanuel Mois moves pro se for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the Sentencing Guidelines. *See generally* Mot., ECF No. 87; Am. Mot., ECF No. 89. The court referred the matter to the Federal Defender's Office under General Order 670, and the Federal Defender's Office gave notice that it would not assume representation. *See* Min. Order, ECF No. 88; Not., ECF No. 90. The United States opposes the motion. *See generally* Opp'n, ECF No. 91.

    In February 2019, Mois pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). A Probation Officer prepared a presentence investigation report and calculated a subtotal criminal history score of 10 based on Mois's previous convictions. *See* Presentence Report ¶ 47, ECF No. 30 (sealed). Two points were added to that subtotal, as Mois had committed his offense while on parole for a different conviction. *See id.* ¶ 48 (citing U.S.S.C. § 4A1.1(d) (2018)). His total criminal history score thus was 12,

corresponding with a criminal history category of V.  *Id.* ¶¶ 37, 49–50.  This court sentenced Mois to a total prison term of 292 months, the low end of the Guideline range, without making any changes to the criminal history calculation.  *See* Judgment & Commitment at 2–3, ECF No. 36; Sentencing Statement of Reasons, ECF No. 37.

After Mois was sentenced, the Sentencing Commission amended the Guideline provision that had added two points to Mois's criminal history subtotal based on his parolee status.  *See* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023); *see also* 88 Fed. Reg. 60534-02 (Sept. 1, 2023).  Under the amended provision, only one point is added for parolee status.  *See id.*  Although Mois's criminal history score would have been one point lower under the amended provision, his criminal history category would not have changed, and thus the Guideline sentencing range would have been the same.  *See* U.S.S.C. Ch. 5 Pt. A (category V column for offense levels 10, 11, and 12).  A district court cannot grant relief to a defendant under 18 U.S.C. § 3582(c)(2) based on amendments that have no effects on the applicable Guideline range.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (citing U.S.S.G. § 1B1.10(b)(1)–(2)).

Mois's motion is thus **denied**.  This order resolves ECF No. 87 and 89.

IT IS SO ORDERED.

DATED:  May 2, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE