UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-cr-00065-KJM |
| Plaintiff, | ORDER |
| v. | |
| Emanuel Mois, | |
| Defendant. | |

Defendant Emanuel Mois moves pro se for a reduction in his sentence. *See generally* Mot., ECF No. 99. He cites 18 U.S.C. § 3582(c)(2). *See id.* at 1. That section of the statute permits motions "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Mois does not cite any intervening changes by the Sentencing Commission. Instead, he relies primarily on his post-conviction rehabilitation efforts and personal circumstances. *See, e.g.*, Mot. at 1–2, 25–26. Based on those arguments, the court interprets his motion as a request for a reduction based on "extraordinary and compelling reasons" under § 3582(c)(1)(A). The government opposes Mois's motion. *See generally* Opp'n, ECF No. 108. Mois has replied. ECF No. 112. The court finds oral arguments are not necessary and takes the matter under submission.

Defendants who seek sentencing reductions under § 3582(c)(1)(A) must show four things are true before the court can grant the motion.

1    First, defendants must already have made a request for a reduction to the Bureau of
2    Prisons; that is, they must have exhausted their administrative remedies, 18 U.S.C.
3    § 3582(c)(1)(A). Defendants can satisfy this requirement by showing either (a) they have "fully
4    exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
5    on the defendant's behalf" or (b) they made a request to the warden at their facility, but have not
6    received a response, and at least thirty days have passed. *Id.* Mois has not offered evidence to
7    show he submitted any such request to the warden or Bureau of Prisons.

8    Second, defendants must offer "extraordinary and compelling reasons" for a reduction.
9    *Id.* § 3582(c)(1)(A)(i). Defendants may raise—and courts may consider—"*any* extraordinary and
10   compelling reasons for release." *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)
11   (emphasis in original) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020),
12   *superseded by regulation on other grounds as stated in United States v. Davis*, 99 F.4th 647, 654–
13   55 (4th Cir. 2024)). But Congress has made clear a defendant's rehabilitation is not an
14   "extraordinary and compelling reason" in and of itself. 28 U.S.C. § 944(t). Mois's efforts to
15   improve his life and circumstances are commendable, but they are not "extraordinary and
16   compelling reasons." Nor are the circumstances of his conviction and prosecution extraordinary
17   and compelling under the terms of § 3582(c)(1)(A)(i). The court took these circumstances into
18   account when it made its decision about the length of his sentence.

19   Third, a defendant who files a motion under § 3582(c)(1)(A) must show the requested
20   reduction "is consistent with the applicable policy statements issued by the Sentencing
21   Commission." *Id.* § 3582(c)(1)(A). The Sentencing Commission's policy statements are found
22   in section 1B1.13 of the Sentencing Guidelines. That section identifies a defendant's age,
23   "serious physical or medical condition," and any sexual abuse suffered within the prison, among
24   other things, as potentially extraordinarily and compelling reasons for a sentence reduction. Mois
25   did not connect his request for a reduced sentence to any of these statements in his motion. In his
26   reply, he cites § 1B1.13(b)(5). *See* Reply at 4. That section permits a defendant to present and a
27   court to rely on "any other circumstances or combination of circumstances that, when considered
28   by themselves or together with any of the reasons described in paragraphs (1) through (4), are

1  similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).
2  Mois argues there have been changes in the law related to a "cache" of images maintained on
3  electronic devices. *See* Reply at 4–5 (citing Mot. at 18). The court need not decide whether these
4  changes fit the provisions of § 1B1.13(b)(5). The court decisions Mois cites do not show there
5  have been any relevant changes in the law. *Compare, e.g.*, *United States v. Haymond*, No. 08-
6  201, 2016 WL 4094886, at *10 (N.D. Okla. Aug. 2, 2016), *aff'd*, 869 F.3d 1153 (10th Cir. 2017),
7  *and vacated and remanded*, 588 U.S. 634 (2019) (cited in Mois's motion) *with, e.g.*, *United
8  States v. Flyer*, 633 F.3d 911, 918–20 (9th Cir. 2011) (discussing definition of "possess" and
9  "possession" in context of digital images stored within a cache file or unallocated space of a
10 drive).

11      Fourth, defendants must show the factors listed in 18 U.S.C. § 3553(a) support their
12 requests for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). These factors include, for
13 example, "the nature and circumstances of the offense and the history and characteristics of the
14 defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of
15 the defendant." 18 U.S.C. § 3553(a)(1), (2)(C). In Mois's case, the conviction that led to his
16 current incarceration was the most recent in a long series of unlawful conduct, including his
17 possession of photos depicting the abuse of children, inappropriate communications with children
18 and inappropriate physical contact with children. His conduct and history warrant a lengthy
19 sentence, both to reflect the seriousness and harm caused by his conduct and to protect others
20 from similar abuse in the future. Mois has not shown the factors in § 3553(a) support his request.

21      A district court cannot grant a motion under § 3582(c)(1) without finding a defendant has
22 satisfied all four of the requirements discussed above; a district court may in fact deny the motion
23 if a defendant fails to satisfy any one of these grounds. *United States v. Wright*, 46 F.4th 938, 945
24 (9th Cir. 2022). In this case, Mois has satisfied none of the four requirements. The court
25 therefore **denies** his motion at ECF No. 99, construed as a request for a reduction in sentence
26 under 18 U.S.C. § 3582(c)(1).

27      Mois also asks the court to seal his motion for a sentence reduction and all related
28 documents. ECF No. 110. There is a long tradition and presumption that court records are

1  public.  *See Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Ore.*, 920 F.2d 1462, 1465–66 (9th
2  Cir. 1990).  A person who asks to withdraw a filing from the public record bears the burden to
3  demonstrate why that filing should not be publicly available and to show there are no viable
4  alternatives to complete sealing.  *See id.*; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors*
5  *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Mois does not justify his request or explain its
6  basis.  The court **denies** the motion to seal (ECF No. 110), **without prejudice** to a renewed
7  motion that satisfies the legal test summarized above.
8      This order resolves ECF Nos. 99 and 110.
9      IT IS SO ORDERED.
10 DATED:  March 6, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE